## CARTER *v.* SOUTHERN BANKING AND TRUST CO.

There was at least some evidence to authorize the verdict, and no sufficient reason has been shown for reversing the judgment.

Argued June 22, — Decided August 5, 1905.

Appeal. Before Judge Lumpkin. Fulton superior court. September 24, 1904.

*Joseph W. & John D. Humphries,* for plaintiff in error. *Walter T. Colquitt,* contra.

COBB, J. Mrs. Carter was the owner of a lot of land upon which there was an incumbrance represented by a loan deed. The debt was evidenced by a note for the principal and coupon notes for interest each six months during the time the loan was to run. Having made an advantageous sale of the property, she desired to secure the cancellation of the loan deed. The deed was cancelled and a sum paid the holder which represented the principal of the debt and the interest that had accrued to the date of the cancellation. It is claimed that there was a mistake in the settlement, that the real transaction between the parties provided for the payment of the amount above referred to and six months unearned interest as a consideration for the cancellation before maturity of the principal note, and the present suit is brought for this unearned interest. The defendant contends that the deed was to be cancelled upon the payment of the principal and interest up to the date of the cancellation. The issue is therefore sharply drawn between the parties. The trial resulted in a verdict in favor of the plaintiff. The agreement to pay the six months unearned interest was made by the defendant's husband, and the question is whether there was sufficient evidence to show that the husband had authority to represent the wife in the transaction. The evidence is by no means strong; but upon a careful consideration of the brief of the testimony appearing in the record, we have reached the conclusion that there was at least some evidence to authorize a submission of this issue of agency to the jury, and to sustain a finding in favor of the plaintiff that there was such an agency. The trial judge having approved the verdict, we will not interfere with his judgment overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur, except Simmons, C. J., absent, and Lumpkin, J., disqualified.*